FILED'08 AUG 13 16:37 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN B. MCKINNEY,

        Plaintiff,

v.

WASHINGTON COUNTY, et al.,

        Defendants.

Civil No. 08-366-CL

ORDER

CLARKE, Magistrate Judge.

    Plaintiff has filed a Motion for extension of time and to appoint counsel (#8).

    Plaintiff's request for extension of time is construed as a request for additional time to file an amended complaint (rather than to object to the Report and Recommendation (#7) recommending dismissal of this action for failure to prosecute.

    Accordingly, the Report and Recommendation (#7) entered July 24, 2008, is hereby withdrawn. Plaintiff is allowed 30 days from the date of this order to file an amended complaint consistent with the court's Order (#4) entered April 4, 2008.

1 - ORDER

If plaintiff does not file an amended complaint within 30 days this action will be dismissed for failure to prosecute. Plaintiff is reminded that if he files an amended complaint, he will be liable for the filing fee of $350, as explained in the court's previous order.

There is no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(d), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.

While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. <u>Mallard v. U.S. Dist. Court of Iowa</u>, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. <u>Wood v. Housewright</u>, 900 1332, 1335-36 (9th Cir. 1990); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Richards v. Harper</u>, 864 F.2d 85, 87 (9th Cir. 1988) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." <u>Wilborn</u>, 789 F.2d at 1331; <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

2 - ORDER

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved in this case are not of substantial complexity. I find that at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(d).

Based on the foregoing, plaintiff's request for appointment of counsel is DENIED.

DATED this 13 day of August, 2008.

_____
Mark D. Clarke
United States Magistrate Judge

3 - ORDER