FILED'10 JUN 8 13:37USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JONATHAN MCKINNEY

        Plaintiff,                 Civil No. 08-366-CL

        v.                            REPORT AND
                                       RECOMMENDATION
WASHINGTON COUNTY; PRISON
HEALTH SERVICES,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by denying him his prescription medication while incarcerated in Washington County.

    By Order (#4) entered April 3, 2008, plaintiff's complaint was dismissed for failure to state a claim and plaintiff was allowed 30 days to file an amended complaint curing the deficiencies set forth in the courts order.

1 - REPORT AND RECOMMENDATION

On September 8, 2008, plaintiff filed an Amended Complaint (#10) which basically restated the claim set forth in his original complaint.

The court's Order (#4) stated as follows:

> In the context of a claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).
>
> Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972.
> Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).
>
> Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985).
>
> Plaintiff alleges when being booked into the Washington County Jail he informed the nurse that he was on "Respirtol" for Bi-Polar disorder and

2 - REPORT AND RECOMMENDATION

> "Depacote" for depression. Subsequently he was not provided with "Respirtol" and allegedly informed that "[t]hey don't prescribe meds for sleep disorders." Plaintiff further alleges that from December 20 thru December 24 "I was not given my medication."[1] Plaintiff alleges that it took two weeks "to get me back to normal."
>
> Although plaintiff may disagree with alleged policy of not prescribing medication for "sleep disorders" his opinion does not give rise to a claim under the Eighth Amendment. See, Miranda v. Munoz, supra. Assuming that the medical staff erred in determining plaintiff's medication was a drug for "sleep disorders" rather than as treatment for his bi-polar condition, such an error would be at worse negligence or medical malpractice, which as noted above, fails to rise to the level of a constitutional tort.
>
> Moreover, I find that the temporary (allegedly 4 day) deprivation of plaintiff's medication which allegedly resulted in "taking two weeks to get (him) back to normal again," does not amount to a medical condition that "is life threatening or poses a risk of needless pain or lingering disability if not treated at once," Davis v. Jones, supra at p. 972, and fails to establish a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976).

Order (#4) p. 3-5.

Plaintiff's "amended complaint" (#10) did not cure the deficiencies set forth in the court's order of dismissal. The one paragraph statement of claim essentially re-states the claim set forth in the original complaint alleging that plaintiff was not provided with "Respirtol" during a four day period of incarceration in Washington County. For the reasons

---

[1] It isn't clear from plaintiff's allegations whether plaintiff was provided with "Depacote." He only specifically alleges that he was deprived of "Respirtol." In plaintiff's Memorandum in Opposition (#21) he acknowledges that he was provided with "Depacote." Memorandum (#21) p. 3.

3 - REPORT AND RECOMMENDATION

set forth in the court's previous (#4) and quoted above, I find that plaintiff's allegations fail to state a claim upon which relief can be granted under the Eighth Amendment.

Defendant Washington County's Motion to Dismiss (#15) should be allowed.

Defendant Prison Health Services filed an Answer (#26) to plaintiff's amended complaint but has not otherwise pled or responded.  However, because plaintiff's amended complaint fails to state a claim, plaintiff's claim against defendant Prison Health Services should be dis dismissed *sua sponte*.

This action should be dismissed as to all defendants. The dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

4 - REPORT AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ☉ day of June, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

5 - REPORT AND RECOMMENDATION