FILED'10 AUG 19 14:03USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN MCKINNEY

        Plaintiff,                Civ. No. 08-366-CL

   v.                               **ORDER**

WASHINGTON COUNTY; PRISON
HEALTH SERVICES,

        Defendants.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R and R") [#30], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

- ORDER

Petitioner filed objections and a motion to amend [#38]. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

Plaintiff objects to the R & R, reminds the court he proceeds *pro se*, and requests leave to amend his complaint. Plaintiff argues the prison nurse should have called Multnomah County to get plaintiff's medical records. Presumably, had the nurse performed that step, the nurse would have realized the error and provided the requested medication to plaintiff.

Accepting as true, and liberally construing the factual allegations in the complaint, plaintiff merely alleges that a prison nurse accidentally erred in concluding plaintiff's prescribed medication treated a sleep disorder rather than a bi-polar disorder. Even accepting that the alleged harm here was "serious," alleged negligence by a prison physician does not rise to a § 1983 claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Rather, the complaint must allege deliberate indifference because "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" Farmer v. Brennan, 511 U.S. 825, 837 (1994). Although plaintiff here proceeds *pro se*, it

- ORDER

is beyond doubt that he can not plead facts demonstrating a deliberate indifference to his serious medical needs. Therefore, dismissal with prejudice is appropriate. Estelle, 429 U.S. at 106.

## CONCLUSION

Plaintiff's motion to amend [#38] is DENIED. Magistrate Judge Clarke's Report and Recommendation (#30) is adopted. The amended complaint (#10) is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19 day of August, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

- ORDER